The Honorable William R. Bullock Prosecuting Attorney P.O. Box 220 Danville, AR 72833-0220
Dear Mr. Bullock:
This is in response to your request for an opinion on several questions concerning a county law library. Your questions are restated and answered in the order presented:
 1. Would the establishment of the County Law Library Board, Case No. C-84-19, be a board that serves all of Logan County or the Northern District of Logan County only?
A review of the Order attached to your request (Case No. C-84-19) indicates that the county law library board ("board") created thereunder ". . . shall have charge of the operation and maintenance of the County Law Library and the custody and care of its property." See Order, p. 1. This Order was entered pursuant to A.C.A. 16-23-102, which authorizes the appointment of a county law library board comprised of members nominated by the county bar association, (or regional bar in counties where there is no county bar association). A.C.A. 16-23-102(a)(1).
The Order does not state that the board serves only the Northern District of Logan County, and A.C.A. 16-23-101 et seq. does not, in my opinion, mandate this result. The County Judge apparently intended for the board to serve all of Logan County, as reflected in the language involving the board's responsibility for operating and maintaining the County Law Library. This result would appear to be consistent with A.C.A. 16-23-101, et seq.
 2. Because Logan county is a split judicial district, how many county law library boards should Logan County have, one or two?
The mere fact that Logan County is divided into two judicial districts does not, in my opinion, generally mandate or support the creation of two county law library boards under A.C.A.16-23-101, et seq. The legislature has, in several instances, declared the county judicial districts to be ". . . separate and distinct counties." A.C.A. 14-19-111(b). That statement was made in connection with the authority to maintain, operate and support a county hospital. And under A.C.A. 13-2-403, each district in counties with two districts and two county seats may be considered an individual county for purposes of levying a county library tax under Amendment 38 to the Arkansas Constitution. We have found no similar provision for purposes of 16-23-102 involving county law library boards.
It should be noted, however, that "[c]ounty library boards" are subject to reorganization by county ordinance pursuant to A.C.A.14-14-712(a)(1). This Code section may offer support for the proposition that the quorum court has the authority to reorganize the Logan County Law Library Board into two divisions, representative of each judicial district.
 3. Since Arkansas Code 16-23-102(a)(1) calls for the appointment of board members to be appointed by the county court from attorneys nominated by the county bar association, would the South Logan County Bar Association have authority to create a South Logan County Law Library through the enclosed resolution to be administered by the Bar Association along with designating and directing the Logan County Treasurer to pay bills and obligations as presented by the South Logan County Bar Association?
It is clear from a review of 16-21-101 et seq. that a county law library established pursuant to that chapter may only be administered by a county law library board whose members are appointed by the county court. A.C.A. 16-23-102(a)(1). The county bar association nominates attorneys for membership on the board (16-32-102(a)(1), and none of the costs authorized under this chapter may be levied and collected unless a resolution of the bar is filed requesting the levy of such costs. A.C.A.16-23-104(a). The county bar association does not, however, administer the county law library authorized under 16-32-101 et seq. to direct the expenditure of funds from the county law library book fund. Rather, the board appointed by the county court has been vested with authority in this regard. A.C.A.16-23-102(c)(1).
It is therefore my opinion, based upon the facts reflected in the documents attached to your request,[1] that the answer to your third question is "no."
 4. Would the enclosed resolution signed by three South Logan County Bar Association members be adequate to establish a county law library in the Booneville Courthouse by the South Logan County Association and be administered by the Bar Association, pay obligations indebted by the Bar Association in accordance with Arkansas Code 16-23-101 through 105?
See answer to Question 3, above.
 5. Does any county elected official have authority to pay any monies out on any purchase made by the Bar Association and not an established board as acquired by A.C.A. 16-23-101 through 105?
Section 16-23-101 through 105 does not, in my opinion, authorize a bar association's incurrence of expenses to be satisfied through expenditures from the county law library book fund created thereunder. (A.C.A. 16-23-105). Contracts or other agreements in this regard must, instead, be entered by the board, subject to the county court's approval. A.C.A. 16-23-102(d). Since such purchases are, therefore, unauthorized, it appears that the answer to this question is "no."
 6. Is Logan County responsible for monetary obligations indebted through the long term agreements by a county law library board or a bar association if not approved through the county court?
Section 16-23-102(d)(1) states:
 The board, subject to approval of the county court, is authorized, in implementation of the purposes of this chapter, to enter into agreements with any person, including other public bodies, in this state pertaining to the operation and maintenance of a county law library.
Thus, although the particular facts in each instance must of course be considered, the answer to this question is, generally, "no."[2]
 7. In what manner should county law library bills be approved for payment prior to a check being issued and all other to be in compliance with the provisions of A.C.A. 16-23-101 through 105?
As previously noted, 16-23-102(c)(1) states that the board ". . . shall direct the expenditure of funds derived for law library purposes under this chapter. . . ." The board's authority in this regard also extends to" . . . any other funds derived for law library purposes under this chapter, and any other funds received by the county, or the board, for the use of the law library."Id.
Of particular relevance with respect to the costs levied and collected under Title 16, Chapter 23 is 16-23-105 wherein it states that expenditures from the county law library book fund ". . . shall not require appropriation by the quorum court." This provision would appear to remove these expenditures from the otherwise applicable requirements involving claims against the county, including presentment to the county court. See A.C.A.14-23-101 et seq. It is my opinion, however, that the foregoing claims procedures are generally applicable with regard to payments from funds other than the law library book fund.
It may therefore be concluded that with regard to bills payable from the law library book fund (A.C.A. 16-23-105), payments are to be approved by the board. (Of course, any agreements forming the basis for such payments must be approved by the county court, in accordance with 16-23-102(d)). Payments from other funds for which an appropriation is required must also be approved by the board based upon the board's authority to direct expenditures. It appears, however, that such payments are also subject to the county claims procedure which involves presentment to the county court. These claims should therefore be certified as valid claims by the board prior to being acted upon by the county court.
The foregoing opinion, which is hereby approved, was prepared by Assistant Attorney General Elisabeth A. Walker.
[1] These documents consist of an Order filed in the County Court of Logan County, Northern District, on December 28, 1984 (Cast No. C-84-19) and a Resolution of the South Logan County Bar Association filed December 21, 1979.
[2] It should also be noted that the county court's approval of any agreements will not necessarily be dispositive of the county's liability in this regard; all of the surrounding facts, including any pertinent documents, will, instead, be determinative.